ERWIN L. MALONE ET AL., PARTNERS, ETC., PLAIN-
TIFFS-RESPONDENTS, v. HERESITE AND CHEMICAL
COMPANY, DEFENDANT-APPELLANT.

Argued February 5, 1943—Decided May 13, 1943.

For the defendant-appellant, *Lum, Fairlie & Wachenfeld.*

For the plaintiffs-respondents, *Kristeller & Zucker.*

The opinion of the court was delivered by

DONGES, J.   Plaintiffs and defendant entered into an agree-
ment by which the plaintiffs were to be exclusive sales repre-
sentatives for the sale of defendant's products in a certain
designated territory.   Paragraph 3 of the contract between
them provided that plaintiffs should be entitled to commis-
sions on the sales of "our products in your territory whether
to customers obtained by you or to customers already estab-
lished therein during the life of this contract."   Paragraph
10, which results in this controversy, is as follows:

"This contract may be terminated by either party giving
30 days written notice of cancellation to the other, said notice
to be mailed to the last known address of the party to whom
it is directed.   In case of termination of the contract by you
under the provisions of this paragraph, no right to commis-
sions shall accrue in your favor following the date of termi-

nation. In case of cancellation by this company, commissions shall be paid to you on all orders obtained by you prior to such termination and within six months thereafter, even though such orders are not filled prior to the expiration of such six-months period. For the purposes of this paragraph, the issuance date of the order shall be the determining factor, rather than the date of shipment of the merchandise."

It is stipulated and agreed that the plaintiffs received commissions on all sales made by them prior to the termination of the contract and that no sales were actually made by them during the six months period. The controversy arises over the refusal of the defendant-appellant to pay to plaintiffs commissions on sales in the territory on orders procured by others than the plaintiffs during the six months after the termination date of the contract.

The learned trial judge held that the contract provided that, for six months following the termination date, plaintiffs were entitled to commissions on all sales made in the territory mentioned although such sales were not made on orders submitted by the plaintiffs. In other words, that for the six months period following cancellation the same arrangement prevailed as during the life of the contract, namely, that on all sales in the designated territory the plaintiffs should have commissions.

We conclude that this is not a proper construction of the language and the intention of the language used in paragraph 10, which is that "commissions shall be paid to you on all orders obtained by you" prior to such termination and within six months thereafter. In other words, it seems clear that while the contract was in effect commissions were paid on sales in that territory regardless of how such sales were originated, but after the termination date then commissions were to be paid only on orders obtained by the plaintiffs, either prior to the termination and not yet delivered, or on orders procured by the plaintiffs during that six months period. It seems clear that paragraph 3 provides for commissions on all *sales* in the territory during the life of the contract, and paragraph 10 provides for commissions during the six months period following termination of the contract

on *orders* procured by the plaintiffs, and admittedly no orders were procured within the six months period by plaintiffs. So, we conclude that the learned trial judge erred in his construction of this language in giving commissions, not on all orders during the six months period obtained by plaintiffs, but on all sales in the territory during the period following cancellation.

In his opinion the judge says: "It seems to me that I must give effect to this language as indicating an intention on the part of the defendant company to pay to the plaintiffs on all orders obtained within six months after the termination of the contract by the defendant company." Now apparently he means by that, that if the defendant company obtains an order within the six months in that territory from a new customer, a person who has had no relationship with the plaintiffs, still plaintiffs are entitled to commissions, despite the fact that the language of paragraph 10 is "on all orders obtained by you" commissions shall be paid. This puts an undue and false construction on what seems to be reasonably clear language, that is, that there was an entirely different arrangement for compensation during the life of the contract from that in effect during the six months following its termination.

The judgment is reversed.

*For affirmance*—THE CHIEF JUSTICE, PERSKIE, RAFFERTY, HAGUE, JJ. 4.

*For reversal*—PARKER, CASE, BODINE, DONGES, HEHER, PORTER, DEAR, WELLS, THOMPSON, JJ. 9.